UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 3 0 2017

Biba Kajtazi,

               Plaintiff,

      –v–

Drew Johnson-Skinner *et al.*,

               Defendants.

16-CV-9434 (AJN)

MEMORANDUM AND
ORDER

ALISON J. NATHAN, District Judge:

      Plaintiff Biba Kajtazi, currently incarcerated in the Metropolitan Correctional Center in Manhattan, is a defendant in a pending criminal matter before Judge Carter, *United States v. Demaj et al.*, 16-cr-289, in which he is charged with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846. *See* Dkt. No. 1 ("Complaint" or "Comp.") ¶ 8; *United States v. Demaj et al.*, 16-cr-289, Dkt. No 5 (Indictment) ¶¶ 1-3. Kajtazi, proceeding *pro se*, initiated this civil action on December 6, 2016, naming as Defendants: Drew Johnson-Skinner, the Assistant United States Attorney representing the Government in the *Demaj* matter; Christopher Kaley, an agent of the Department of Homeland Security and purported potential witness for the Government in that matter; Preet Bharara, United States Attorney for the Southern District of New York; and the United States Court of Appeals for the Second Circuit. *See generally* Comp. Kajtazi alleges principally that Defendants are subjecting him to malicious prosecution, that Johnson-Skinner is actively pursuing Kajtazi's conviction in the *Demaj* matter despite knowing that he is "totally innocent" and attempting to "coerce[]" him

1

into accepting a "preposterous" plea agreement, and that Kaley is "poised" to offer false testimony at trial. *Id.* According the *pro se* Complaint the requisite liberal construction, Kajtazi appears to assert claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for constitutional torts, as well as claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* – a statute that the Complaint repeatedly invokes by name. He seeks monetary damages, declaratory relief, and an injunction precluding his further criminal prosecution, and requests that the Court convene a grand jury "to investigate the crimes complained of" in his pleading. Compl. at 12-13.

No Defendant has yet responded to Kajtazi's Complaint. Nevertheless, the Court will dismiss the Complaint *sua sponte* for the reasons set forth below.

"Courts have both statutory and inherent authority to *sua sponte* dismiss frivolous suits." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015) (citing *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[W]e hold that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee . . . .")). "Frivolous suits are those that lack 'an arguable basis either in law or in fact.'" *Greathouse*, 784 F.3d at 120 (quoting *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)).

Kajtazi's lawsuit lacks any arguable legal basis. First, "[a]bsolute immunity bars a civil suit against a prosecutor for advocatory conduct that is 'intimately associated with the judicial phrase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "This immunity attaches to conduct in court, as well as conduct preliminary to the initiation of a prosecution and actions apart from the courtroom." *Id.* (internal quotation marks omitted); *see also at Rudaj v. Treanor*, 11-cv-7098,

2

2011 WL 13128215, at *2 (E.D.N.Y. Dec. 7, 2011) ("[P]rosecutors are absolutely immune from suits for acts which may be administrative obligations but are directly connected with the conduct of a trial.") (internal quotation marks omitted) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009)). Notably, "the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions." *Shmueli v. City of N.Y.*, 424 F.3d 231, 237 (2d Cir. 2005) (citing *Imbler*, 424 U.S. at 430)). As long as the prosecutor acts with "at least a colorable claim of authority," he "is shielded from liability for damages for commencing and pursuing the prosecution," regardless "of any allegations that his actions were undertaken with an improper state of mind." *Id.* at 237; *see also Bernard v. Cty. of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004) (prosecutor defendants' "motivation" in deciding to prosecute plaintiffs and in their "conduct before the grand jury" was "irrelevant to the applicability of absolute immunity"). Accordingly, prosecutors acting within their jurisdiction have been deemed immune from civil suits for damages even when they have allegedly pursued prosecutions for "purposes of retaliation" or "purely political reasons," "knowing[ly] use[d] perjured testimony," "deliberate[ly] with[eld] . . . exculpatory information," *Shmueli*, 424 F.3d at 237 (internal quotation marks and citations omitted), and engaged in purported "conspirac[ies]" organized outside of the courtroom to "violate [a defendant's] civil rights and to imprison him unlawfully," *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1148-49 (2d Cir. 1995).

Kajtazi's claims against Defendants Johnson and Bharara "derive entirely from the initiation and pursuit of [his] prosecution," and, as such, are "foreclosed by absolute prosecutorial immunity." *Deraffelle v. City of New Rochelle*, 15-cv-282, 2016 WL 1274590, at *11-12 (S.D.N.Y. Mar. 30, 2016). Specifically, these claims are premised on Johnson's alleged

conduct in seeking Kajtazi's indictment before a grand jury and prosecuting the Government's case against him notwithstanding his purported knowledge of Kajtazi's innocence, and on Johnson's alleged "threat" to file a prior conviction information under 21 U.S.C. § 851 if Kajtazi declined to accept a plea agreement.  Comp. ¶¶ 8-26.  Kajtazi also appears to allege that Johnson withheld – or continues to withhold – exculpatory evidence and intends to offer falsified or "coerced" evidence at trial.  *Id.*  ¶¶ 8-26, 29-32.  Even accepting these allegations as true, they implicate activities that are categorically "quintessential prosecutorial functions" and therefore cannot give rise to civil liability for damages.  *See, e.g.*, *Shmueli*, 424 F.3d at 237; *see also* *Imbler*, 424 U.S. at 430-31 & n.34 (absolute immunity precludes suit for damages under Section 1983 based on "willful use . . . of perjured testimony" or "willful suppression . . . of exculpatory information"); *Rudaj*, 2011 WL 13128215, at *2 (dismissing claims against Assistant United States Attorney and United States Attorney Bharara premised on alleged withholding of exculpatory evidence).

To the extent that prosecutorial immunity does not cover Kajtazi's request for injunctive relief, the Court notes that "federal courts have applied the abstention doctrine articulated in *Younger v. Harris* . . . when asked to enjoin or dismiss enforcement of federal criminal proceedings."  *Ali v. United States*, 12-cv-816A, 2012 WL 4103867, at *2 (W.D.N.Y. Sept. 14, 2012) (collecting cases); *see also Deaver v. Seymour*, 822 F.2d 66, 69-71 (D.C. Cir. 1987) (observing that "in no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment" and holding that "[p]rospective defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure"); *Campbell v. Medalie*, 71 F.2d 671, 672-73 (2d Cir. 1934)

4

(affirming dismissal of application to enjoin federal prosecution).  Because "[t]here are adequate remedies available to [Kajtazi] within the underlying criminal proceedings to address the issues raised" in his Complaint, the application for an injunction is properly dismissed.  *Ali*, 2012 WL 4103867, at *2; *see also Campbell*, 71 F.2d at 672 (dismissing application to enjoin prosecution because applicant's "remedy at law is still adequate and sufficient").

With respect to the claim against Defendant Kaley, Kajtazi alleges only that Kaley "appears to be poised" to offer false testimony at trial and sets forth examples of the sorts of statements that Kaley "might" make about Kajtazi in court.  Comp. ¶¶ 27-28.  As a trial witness, however, Kaley would enjoy absolute testimonial immunity.  *See, e.g., Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (recognizing that "witnesses, including police officers, who testify in judicial proceedings" are "'integral parts of the judicial process' and, accordingly, are shielded by absolute immunity") (quoting *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)); *see also Deraffele*, 2016 WL 1274590, at *12-13 (dismissing Section 1983 claims premised on defendants' allegedly falsified testimony at plaintiff's trial).  That would be true even if his testimony would perjurious.  *See Briscoe*, 460 U.S. at 335-36.  In any event, because it is clear from the face of the Complaint that the claims against Kaley are premised entirely on anticipated future conduct, they are unripe for adjudication at this time and must be dismissed for want of jurisdiction.  *See, e.g., City of New Rochelle v. Town of Mamaroneck*, 111 F. Supp. 2d 353, 359-60 (S.D.N.Y. 2000) ("A court is precluded from entertaining claims based on 'contingent future events' that may not occur as anticipated or at all.") (quoting *Thomas v. City of N.Y.*, 143 F.3d 31, 34 (2d Cir. 1998)).

Kajtazi's claims against the Court of Appeals must also be dismissed.  The real party in

interest to those claims is the United States. "Well-established principles of sovereign immunity," however, "bar suit against the United States unless it consents to be sued, the existence of such consent being a prerequisite for jurisdiction." *Pietrangelo v. U.S. Dist. Ct. Vermont*, 223 Fed. App'x 20, 21-22 (2d Cir. 2007) (Summary Order), *cert. denied*, 552 U.S. 823 (2007). Such consent "must be unequivocally expressed in statutory text, and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (internal quotation marks omitted). Plaintiff does not allege that any "express waiver of sovereign immunity exists" for his claims, and the Court is aware of none. Accordingly, the Court of Appeals is shielded by sovereign immunity. *See, e.g.*, *Pietrangelo*, 223 Fed. App'x at 22 (dismissing claims against district court arising out of alleged constitutional violations); *Hurt v. U.S. Dist. Court Judges*, 258 Fed. App'x 341, 341 (D.C. Cir. 2007) (Summary Order) (district court defendants shielded from constitutional tort claims by sovereign immunity).

Finally, Kajtazi lacks standing to request that the Court convene a grand jury. As the Supreme Court has long recognized, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)

For the foregoing reasons, Kajtazi's claims are hereby DISMISSED. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: January 30, 2017
          New York, New York

ALISON J. NATHAN
United States District Judge

6